IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 9, 2008

Charles R. Fulbruge III
Clerk

No. 07-11201
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CURTIS DEWAYNE WESLEY

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CR-247-1

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges

PER CURIAM:[*]

Curtis Dewayne Wesley appeals his sentence following the revocation of the three-year term of supervised release that was imposed for his conviction of being a felon in possession of a firearm. In revoking Wesley's supervised release, the district court sentenced Wesley to 23 months of imprisonment and 13 months of supervised release. This sentence was above the guidelines range for his revocation.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Wesley argues that his revocation sentence was either unreasonable or plainly unreasonable because (1) his conduct did not distinguish him from others in his sentencing range, (2) the district court focused too heavily on his need for drug treatment, and (3) the district court did not explicitly mention the 18 U.S.C. § 3553(a) factors in sentencing him. Because Wesley did not object to his sentence in the district court, review is for plain error only. See United States v. Jones, 484 F.3d 783, 792 (5th Cir. 2007).

Wesley admitted the facts supporting the revocation of his supervised release. Those admitted facts included repeated violations of the prohibition on using and possessing narcotics. Wesley also failed to submit to mandatory urine tests and failed to turn himself in after agreeing to do so voluntarily. While he contends that his conduct was "average," the number of violations, some occurring almost immediately after his release, supports a finding that his conduct was considerably worse than the "average." The district court expressly stated in the judgment that the revocation and sentence were based upon the government's presentation and the defendant's admissions. At the sentencing hearing, the district judge stated clearly that he considered "the range of punishment provided by the policy statement," and concluded that the guidelines range was not "adequate in this case when I consider all of the factors the Court is to consider under 18 United States Code Section 3553(a)." "Examining the full sentencing record reveals the district court's reasons for the chosen sentence and allows for effective review by this court." United States v. Bonilla, 524 F.3d 647, 659 (5th Cir. 2008). As in Bonilla, "our task would have been easier" if the district court had more clearly spelled out its reasoning. Id. However, we cannot find on this record that the district court plainly erred in stating its reasoning and in imposing a sentence above the guidelines given the facts admitted by the defendant.

In sum, Wesley has not shown that the district court failed to consider the factors enumerated in § 3553(a) or the policy statements found in Chapter Seven

of the Sentencing Guidelines, and thus he has not shown that the district court plainly erred in imposing a sentence that was within the statutory maximum. See 18 U.S.C. § 3583(e)(3); United States v. Mathena, 23 F.3d 87, 90-93 (5th Cir. 1994).

AFFIRMED.